BENJAMIN B. WAGNER
United States Attorney
RUSSELL L. CARLBERG
Assistant U.S. Attorney
501 "I" Street, Suite 10-100
Sacramento, California 95814
Telephone: (916) 554-2700

SHARIS A. POZEN
Acting Assistant Attorney General
ANNA TRYON PLETCHER
TAI S. MILDER
RICHARD B. COHEN
Trial Attorneys
U.S. Department of Justice
Antitrust Division
450 Golden Gate Avenue, Room 10-0101
San Francisco, CA 94102
Telephone: (415) 436-6660

**FILED**

DEC 7 2011

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

**SEALED**

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> WILEY C. CHANDLER, <br> ANDREW B. KATAKIS, <br> DONALD M. PARKER, <br> ANTHONY B. JOACHIM, and <br> W. THEODORE LONGLEY, <br><br> Defendants. | No. 2:11-CR-511 JAM <br><br> VIOLATIONS: 15 U.S.C. § 1 – Bid Rigging; 18 U.S.C. § 1349 – Conspiracy to Commit Mail Fraud |

## I N D I C T M E N T

1

COUNT ONE: [15 U.S.C. § 1 - Bid Rigging]

The Grand Jury charges:

WILEY C. CHANDLER,<br>
ANDREW B. KATAKIS,<br>
DONALD M. PARKER,<br>
ANTHONY B. JOACHIM, and<br>
W. THEODORE LONGLEY,

defendants herein, as follows:

## BACKGROUND

1. At all times relevant to this Indictment, when California homeowners defaulted on their mortgages, mortgage holders could institute foreclosure proceedings and sell the properties through nonjudicial public real estate foreclosure auctions ("public auctions"). These public auctions were governed by California Civil Code Section 2924, et seq. Typically, a trustee was appointed to oversee the public auctions. These public auctions usually took place at or near the county courthouse of the county in which the properties were located. The auctioneer, acting on behalf of the trustee, sold the property to the bidder offering the highest purchase price. Proceeds from the sale were then used to pay the mortgage holders and other holders of debt secured by the property (collectively, "beneficiaries").

2. At all times relevant to this Indictment, defendant WILEY C. CHANDLER, a resident of Lodi, California, purchased real estate at public auctions in San Joaquin County.

3. At all times relevant to this Indictment, defendant ANDREW B. KATAKIS, a resident of Danville, California, through

2

1  agents and entities that he controlled, purchased real estate at
2  public auctions in San Joaquin County.
3       4.    At all times relevant to this Indictment, defendant
4  DONALD M. PARKER, a resident of Valley Springs, California,
5  purchased real estate at public auctions in San Joaquin County.
6
7       5.    At all times relevant to this Indictment, defendant
8  ANTHONY B. JOACHIM, a resident of Stockton, California, purchased
9  real estate at public auctions in San Joaquin County.
10      6.    At all times relevant to this Indictment, defendant
11 W. THEODORE LONGLEY, a resident of Roseville, California, was an
12 auctioneer or "crier" who conducted public real estate auctions in
13 San Joaquin County.
14      7.    Various corporations and individuals, not defendants in
15 this Indictment, participated as coconspirators in the offense
16 charged herein and performed acts and made statements in furtherance
17 of them.
18
19                   **THE COMBINATION AND CONSPIRACY**
20      8.    Beginning at least as early as in or about September 2008,
21 and continuing until as late as in or about October 2009, the
22 defendants, WILEY C. CHANDLER, ANDREW B. KATAKIS, DONALD M. PARKER,
23 ANTHONY B. JOACHIM, W. THEODORE LONGLEY, and others known and
24 unknown to the Grand Jury, entered into and engaged in a combination
25 and conspiracy to suppress and restrain competition by rigging bids
26 to obtain selected properties offered at public auctions in San
27 Joaquin County in the Eastern District of California, in
28

unreasonable restraint of interstate trade and commerce, in violation of the Sherman Act, Title 15, United States Code, Section 1.

    9.    The charged combination and conspiracy consisted of a continuing agreement, understanding, and concert of action among the defendants and coconspirators to suppress competition by agreeing to refrain from bidding against each other to purchase selected properties at public auctions in San Joaquin County.

    10.    The defendant W. THEODORE LONGLEY aided, abetted, counseled, commanded, induced, and procured the combination and conspiracy charged in this Count and willfully caused others to perform acts and make statements in furtherance of the charged combination and conspiracy.

## MEANS AND METHODS OF THE DEFENDANTS

    11.    For the purpose of forming and carrying out the charged combination and conspiracy, the defendants and coconspirators utilized various means and methods, including, among other things:

    a.    agreeing not to compete to purchase selected properties at public auctions in San Joaquin County;

    b.    designating which conspirator would bid for the selected properties at the public auctions;

    c.    refraining from bidding for the selected properties at the public auctions; and

///

///

d. making payoffs to and receiving payoffs from one another in return for refraining from bidding at the public auctions.

### TRADE AND COMMERCE

12. During the period covered by this Indictment, the business activities of the defendants and coconspirators that are the subject of this Indictment were within the flow of, and substantially affected, interstate trade and commerce. For example, beneficiaries located in states other than California received proceeds from the public auctions that were subject to the bid-rigging conspiracy.

### JURISDICTION AND VENUE

13. The combination and conspiracy charged in this Count were formed in and carried out, in part, within the Eastern District of California, within the five years preceding the return of this Indictment.

All in violation of Title 15, United States Code, Section 1, and Title 18, United States Code, Section 2.

COUNT TWO: [18 U.S.C. § 1349 - Conspiracy to Commit Mail Fraud]

The Grand Jury further charges:

> WILEY C. CHANDLER,
> ANDREW B. KATAKIS,
> DONALD M. PARKER,
> ANTHONY B. JOACHIM, and
> W. THEODORE LONGLEY,

defendants herein, as follows:

///
///

1.  Paragraphs one through seven of Count One of the Indictment are realleged and incorporated herein, as if fully set forth.

### THE CONSPIRACY TO DEFRAUD

2.  Beginning at least as early as in or about September 2008, and continuing until as late as in or about October 2009, the defendants, WILEY C. CHANDLER, ANDREW B. KATAKIS, DONALD M. PARKER, ANTHONY B. JOACHIM, W. THEODORE LONGLEY, and others known and unknown to the Grand Jury did willfully and knowingly combine, conspire, and agree with each other to violate Title 18, United States Code, Section 1341, namely, to knowingly devise and intend to devise and participate in a material scheme and artifice to defraud beneficiaries and to obtain from beneficiaries money and property by means of materially false and fraudulent pretenses, representations, and promises.

3.  The objects of the conspiracy were to fraudulently acquire title to selected properties sold at public auctions in San Joaquin County at a lower price and to divert money to defendants and coconspirators that should have gone to the beneficiaries.

4.  The defendant W. THEODORE LONGLEY aided, abetted, counseled, commanded, induced, and procured the conspiracy charged in this Count and willfully caused others to perform acts and make statements in furtherance of the charged conspiracy.

///
///

6

**MEANS AND METHODS OF THE DEFENDANTS**

5.   For the purpose of forming and carrying out the charged conspiracy, the defendants and coconspirators utilized various means and methods, including, among other things:

   a.   agreeing to divert funds from the beneficiaries to the conspirators;

   b.   arranging for a designated conspirator to purchase selected properties at public auctions at lower, noncompetitive prices;

   c.   making payoffs to and receiving payoffs from one another using monies that would have gone to beneficiaries;

   d.   in some instances, holding private auctions, frequently referred to as "rounds" or "round robins," open only to members of the conspiracy, to bid for selected properties that the designated conspirators purchased at the public auctions;

   e.   distributing, based on an agreed-upon formula, the difference between the highest bids submitted at the public auctions and the highest bids submitted at the round robins as payoffs to the conspirators participating in the rounds;

   f.   allowing the conspirators who submitted the highest bids at the round robins to acquire title to the selected properties; and

   g.   taking steps to conceal the fact that monies were diverted from the beneficiaries to the conspirators, including making and causing to be made false and misleading statements on

records of public auctions that trustees relied upon to distribute proceeds from the public auction to the beneficiaries and convey title to properties sold at the public auction.

6. For the purpose of executing the scheme and artifice to defraud and attempting to do so, the defendants and coconspirators knowingly used and caused to be used the United States Postal Service and private or commercial interstate carriers. For example, Trustee's Deeds Upon Sale and related documents were sent to conspirators through the United States mail and private or commercial interstate carriers. Properties that were included in the scheme, and for which such mailings were made, included:

| PROPERTY ADDRESS | SALE DATE | MAILING |
|---|---|---|
| 2564 Keyser Dr., Stockton, CA | 7/24/09 | Trustee's Deed Upon Sale mailed to PARKER |
| 1434 Mariposa Way, Lodi, CA | 7/30/09 | Trustee's Deed Upon Sale mailed to agent and entity controlled by KATAKIS |
| 3022 Stefano Dr., Stockton, CA | 8/25/09 | Trustee's Deed Upon Sale mailed to PARKER |
| 4315 Legacy Ct., Stockton, CA | 8/25/09 | Trustee's Deed Upon Sale mailed to JOACHIM |
| 2126 Bartram Run Way, Stockton, CA | 9/16/09 | Trustee's Deed Upon Sale mailed to agent and entity controlled by KATAKIS |
| 3785 Hatchers Cir., Stockton, CA | 9/22/09 | Trustee's Deed Upon Sale mailed to CHANDLER's partner |

All in violation of Title 18, United States Code, Sections 1349 and 2.

8

Dated:

BENJAMIN B. WAGNER
United States Attorney
Eastern Dist. of California

A TRUE BILL.

/s/ Signature on file w/AUSA

FOREPERSON

SHARIS A. POZEN
Acting Assistant Attorney
General

SCOTT D. HAMMOND
Deputy Assistant Attorney
General

ANNA TRYON PLETCHER
TAI S. MILDER
RICHARD B. COHEN
Trial Attorneys
U.S. Department of Justice
Antitrust Division

# UNITED STATES DISTRICT COURT

*Eastern District of California*

*Criminal Division*

THE UNITED STATES OF AMERICA
*vs.*

Wiley C. Chandler, Andrew B. Katakis, Donald M. Parker,
Anthony B. Joachim, and W. Theodore Longley

## INDICTMENT

**VIOLATION(S):** 15 U.S.C. § 1 - Bid Rigging and
18 U.S.C. § 1349 - Conspiracy to Commit Mail Fraud

A true bill,

/S/

_____
Foreman.

Filed in open court this ___7___ day

of ___DECEMBER___, A.D. 20 _11_

_____
Clerk.

Bail, $ __ **NO BAIL WARRANT PENDING HEARING** — All defendants ( Chandler, Katakis, Parker, Joachim, Longley )

GPO 863 525

**DEFENDANTS:**     WILEY C. CHANDLER,
ANDREW B. KATAKIS,
DONALD M. PARKER,
ANTHONY B. JOACHIM,
W. THEODORE LONGLEY,

**COUNT ONE:**

**VIOLATION:**      15 U.S.C. § 1 - Bid Rigging

**PENALTY:**        Not more than 10 years imprisonment,
Fine equal to the greatest of:
    (1) $1,000,000;
    (2) Two times the conspirators' gross pecuniary gain;
    (3) Two times the gross pecuniary loss caused to victims of the conspiracy,
3 years supervised release.

**COUNT TWO:**

**VIOLATION:**      18 U.S.C. § 1349 - Conspiracy to Commit Mail Fraud

**PENALTY:**        Not more than 30 years imprisonment,
$1,000,000 fine,
5 years supervised release.

**PENALTY ASSESSMENT:**   $100 assessment