```
1  BENJAMIN B. WAGNER
   United States Attorney
2  RUSSELL L. CARLBERG
   Assistant U.S. Attorney
3  501 "I" Street, Suite 10-100
   Sacramento, California 95814
4  Telephone: (916) 554-2748

5  ANNA TRYON PLETCHER
   TAI S. MILDER
6  Trial Attorneys
7  U.S. Department of Justice
   Antitrust Division
8  450 Golden Gate Avenue, Room 10-0101
   San Francisco, CA 94102
9  Telephone: (415) 436-6660
```



FILED

JUL 9 2012

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
       DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | 2:11-CR-511 EJG |
|---|---|---|
| Plaintiff, | ) | STIPULATION AND [PROPOSED] ORDER TO CONTINUE STATUS CONFERENCE |
| v. | ) | |
| ANDREW B. KATAKIS, DONALD M. PARKER, ANTHONY B. JOACHIM, and W. THEODORE LONGLEY, | ) | |
| Defendants. | ) | |

Plaintiff United States of America, by and through its counsel of record, and defendants, by and through their counsel of record, hereby stipulate as follows:

1. This case was charged on December 7, 2011. Defendant Wiley C. Chandler pleaded guilty on February 28, 2012. The four defendants captioned above remain in the case.

1

2. By previous order of the Court, issued on April 27, 2012, this matter was set for status conference on July 13, 2012, and time was excluded under the Speedy Trial Act for defense preparation and case complexity.

3. To date, the Antitrust Division has provided four phases of discovery, each transmitted to defense counsel with a detailed production index and in the searchable electronic format of defense counsel's choice. This discovery consists of banking records, trustee company documents, posting company documents, documents related to various corporate entities, and FBI-related materials, such as witness interview summaries and related evidence. The volume of the discovery provided to date consists of several hundred thousand pages of documents. The government expects to transmit a fifth phase of discovery before the next status conference, completing the bulk of discovery in this case. This final phase of discovery consists largely of computer evidence seized from the offices of defendant Andrew Katakis. Discovery has been available for inspection and copying, but in the interest of lessening the burden on the defense and facilitating movement of the case, the Antitrust Division has been producing this material on external computer hard drives or compact disks in searchable formats specified by the defense.

4. Because of the large volume of materials and the complex legal and factual issues in this case, counsel for defendants desire additional time to consult with their clients, to review the current

charges, to conduct investigation and research related to the charges, to review discovery for this matter, to discuss potential resolutions, to prepare pretrial motions, and to otherwise prepare for trial.

5. Counsel for defendants believe that failure to grant the above-requested continuance would deny counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

6. The government does not object to the continuance.

7. Therefore, it is requested that the status conference presently set for **July 13, 2012** be continued to **September 7, 2012** at 10:00 a.m. At that date, the parties expect to be in a better position to set a trial date and briefing schedule on motions.

8. Based on the above-stated facts, the parties stipulate and agree that the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act. The time between July 13, 2012 and September 7, 2012, inclusive, should be excluded from the Speedy Trial Act under 18 U.S.C. § 3161(h)(7)(B)(ii) (Local Code T-2), for complexity of the case, and 18 U.S.C. § 3161(h)(7)(B)(iv) (Local T-4), for defense preparation.

9. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which

3

a trial must commence.

IT IS SO STIPULATED.

DATED: July 5, 2012                     BENJAMIN B. WAGNER
                                        United States Attorney

                                By:     /s/
                                        RUSSELL L. CARLBERG*
                                        Assistant U.S. Attorney


                                        /s/
                                        ANNA T. PLETCHER
                                        TAI S. MILDER
                                        Trial Attorneys
                                        Antitrust Division
                                        United States Department of Justice


                                        /s/
                                        PAUL J. PFINGST*
                                        Attorney for ANDREW B. KATAKIS


                                        /s/
                                        SCOTT L. TEDMON*
                                        Attorney for DONALD M. PARKER


                                        /s/
                                        THOMAS A. JOHNSON*
                                        Attorney for ANTHONY B. JOACHIM


                                        /s/
                                        MATTHEW C. BOCKMON*
                                        Attorney for W. THEODORE LONGLEY

*Signed with permission

### [PROPOSED] ORDER

For the reasons stated above, which the Court adopts as its findings, the Court continues the status conference currently set for July 13, 2012 to September 7, 2012 at 10:00 a.m., and excludes

under the Speedy Trial Act the time period of **July 13, 2012** to **September 7, 2012,** inclusive, under 18 U.S.C. § 3161(h)(7)(B)(ii) (Local Code T-2), for case complexity, and 18 U.S.C.§ 3161(h)(7)(A), B(iv) (Local Code T-4), defense preparation, because it results from a continuance granted by the Court at defendants' request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

    IT IS SO FOUND AND ORDERED this 9th day of July, 2012.

_____
HON. EDWARD J. GARCIA
UNITED STATES SENIOR DISTRICT JUDGE