```
1  BENJAMIN B. WAGNER
   United States Attorney
2  RUSSELL L. CARLBERG
   MATTHEW D. SEGAL
3  Assistant U.S. Attorneys
   501 "I" Street, Suite 10-100
4  Sacramento, California 95814
   Telephone: (916) 554-2748
5
   ANNA TRYON PLETCHER
6  TAI S. MILDER
   Trial Attorneys
7  U.S. Department of Justice
   Antitrust Division
8  450 Golden Gate Avenue, Room 10-0101
   San Francisco, CA 94102
9  Telephone: (415) 436-6660
10
11
12             IN THE UNITED STATES DISTRICT COURT
13             FOR THE EASTERN DISTRICT OF CALIFORNIA
14
15 UNITED STATES OF AMERICA,   )  2:11-CR-511 EJG
                               )
16            Plaintiff,       )  STIPULATION AND [PROPOSED]
                               )  ORDER TO CONTINUE STATUS
17       v.                    )  CONFERENCE
                               )
18 ANDREW B. KATAKIS,          )
   DONALD M. PARKER,           )
19 ANTHONY B. JOACHIM, and     )
   W. THEODORE LONGLEY,        )
20                             )
21            Defendants.      )
                               )
22
23       Plaintiff United States of America, by and through its counsel
24 of record, and defendants, by and through their counsel of record,
25 hereby stipulate as follows:
26       1.  This case was charged on December 7, 2011.  Defendant Wiley
27 C. Chandler pleaded guilty on February 28, 2012.  The four
28
                                   1
```

defendants captioned above remain in the case.

2. By previous order of the Court, issued on July 9, 2012, this matter was set for status conference on September 7, 2012, and time was excluded under the Speedy Trial Act for defense preparation and case complexity.

3. Discovery is being produced on a rolling basis. To date, the Antitrust Division has provided four phases of discovery, each transmitted to defense counsel with a detailed production index and in the searchable electronic format of defense counsel's choice. This discovery consists of banking records, trustee company documents, posting company documents, documents related to various corporate entities, and FBI-related materials, such as witness interview summaries and related evidence. The volume of the discovery provided to date consists of several hundred thousand pages of documents.

4. The Antitrust Division is currently producing a fifth phase of discovery, consisting primarily of electronic evidence seized from the offices of defendant Andrew Katakis. Due to the number and variety of digital devices that were imaged in the search, there is a large volume of electronic evidence in this case. This fifth phase of discovery is expected to contain approximately six hundred thousand pages of material.

5. Discovery has been available for inspection and copying. In addition, the seized digital devices were imaged in place or returned to Mr. Katakis immediately after the search warrant was

executed, so Mr. Katakis continues to have access to these digital devices. Nonetheless, to lessen the burden on the defense and to facilitate movement of the case, the Antitrust Division has been producing this material in the searchable format specified by defense counsel.

6. The government expects to finish producing the seized electronic evidence in a sixth phase of discovery within the next sixty days. At that time, discovery in this case should be substantially complete, although the government will continue to comply with its ongoing discovery obligations, including obligations under the Jencks Act, Brady, and Giglio.

7. Because of the large volume of materials and the complex legal and factual issues in this case, counsel for defendants desire additional time to consult with their clients, to review the current charges, to conduct investigation and research related to the charges, to review discovery for this matter, to prepare pretrial motions, and to otherwise prepare for trial.

8. Counsel for defendants believe that failure to grant the above-requested continuance would deny counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

9. The government does not object to the continuance.

10. Therefore, it is requested that the status conference presently set for **September 7, 2012** be continued to **October 26, 2012**

at 10:00 a.m. At that date, the parties expect to be in a better position to set a trial date and briefing schedule on motions.

11. Based on the above-stated facts, the parties stipulate and agree that the ends of justice served by granting this continuance outweigh the best interest of the public and the defendant in a speedy trial. The time between September 7, 2012 and October 26, 2012, inclusive, should be excluded from the Speedy Trial Act under 18 U.S.C. § 3161(h)(7)(B)(ii) (Local Code T-2), for complexity of the case, and 18 U.S.C. § 3161(h)(7)(B)(iv)(Local T-4), for defense preparation.

12. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

DATED: August 30, 2012        BENJAMIN B. WAGNER
                              United States Attorney

                        By:   /s/
                              RUSSELL L. CARLBERG
                              MATTHEW D. SEGAL
                              Assistant U.S. Attorneys

                              /s/
                              ANNA T. PLETCHER
                              TAI S. MILDER
                              Trial Attorneys
                              Antitrust Division
                              United States Department of Justice

4

```
                        /s/
                        PAUL J. PFINGST*
                        Attorney for ANDREW B. KATAKIS


                        /s/
                        SCOTT L. TEDMON*
                        Attorney for DONALD M. PARKER


                        /s/
                        THOMAS A. JOHNSON*
                        Attorney for ANTHONY B. JOACHIM


                        /s/
                        MATTHEW C. BOCKMON*
                        Attorney for W. THEODORE LONGLEY
```

*Signed with permission

[~~PROPOSED~~] ORDER

For the reasons stated above, which the Court adopts as its findings, the Court continues the status conference currently set for September 7, 2012 to October 26, 2012 at 10:00 a.m., and excludes under the Speedy Trial Act the time period of **September 7, 2012** to **October 26, 2012**, inclusive, under 18 U.S.C. § 3161(h)(7)(B)(ii) (Local Code T-2), for case complexity, and 18 U.S.C. § 3161(h)(7)(B)(iv) (Local Code T-4), defense preparation, because it results from a continuance granted by the Court at defendants' request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

IT IS SO FOUND AND ORDERED.

DATE: 8/31/12

_____
HON. EDWARD J. GARCIA
UNITED STATES SENIOR DISTRICT JUDGE