IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff,                                    No. 2:11-cr-0511 WBS

    vs.

ANDREW B. KATAKIS,

    Defendant.                               <u>ORDER</u>

                                    /

On February 5, 2013, defendant Andrew Katakis filed motions requesting authorization to issue subpoenas duces tecum for phone records, business records and a California Notary log. At the same time, Mr. Katakis filed a motion to compel the production of video recordings taken while he was in government custody. A hearing on these motions was held before the undersigned on February 25, 2013. As reflected in detail below, the motions were granted in part and denied in part.

For the reasons stated in detail at the hearing, IT IS HEREBY ORDERED that Mr. Katakis' motion for judicial authorization of subpoenas duces tecum requiring the production of phone records and the production of business records is denied. It is further ordered that Mr. Katakis' motion for judicial authorization for a subpoena duces tecum ordering the production of the California Notary log for Brenda Gillum is granted.

1

Defendant Katakis also seeks, pursuant to Federal Rule of Criminal Procedure 16 and *Brady v. Maryland*, 373 U.S. 83 (1973), copies of all audio and video recordings that were made of him while he was held in custody just prior to his arraignment. The government has responded that no such recordings were made while the defendant was confined in the U.S. Marshal's holding cell(s) at the U.S. Courthouse. As for the county jail, the United States does no possess any copy of any recordings that might have been made at the jail. Accordingly, the government has not withheld any discovery materials subject to Rule 16(a)(1) or *Brady*.

Katakis requested permission to serve a Rule 17(c) subpoena to obtain from the Sacramento County Jail any such recordings that the jail possesses. At the hearing the government provided a report of an interview (FBI form 302) of a deputy sheriff at the jail regarding the jail's camera system and practices as they relate to Katakis' request. That report indicates that a new camera system was put in place in mid-2011 and it experienced "six months of 'blackout' periods" and that "after thirteen months the system continues to record over the existing recordings." The report also states that, according to the deputy who was interviewed, a request was made to the camera recording Special Project's Deputy to obtain any recordings of Katakis and that it was confirmed that "any and all footage recorded on 12/12/2011 and 12/14/2011 [the dates Katakis was incarcerated at the jail] has been purged. No video recordings existed for either of the dates."

Nonetheless, Katakis insists that technology exists to recover video footage. Katakis requests access to the equipment and devices used to record and store recordings while he was incarcerated to determine whether the recordings can be recovered. Katakis is willing to bear the full financial expense required.

The current motion seeking discovery from the government is denied without prejudice to Katakis seeking a Rule 17(c) subpoena on the entity that possess the evidence or equipment being sought. The United States simply does not possess either copies of any such recordings or the equipment used to record (or store) the alleged recordings in question. Although the

2

custodian of the camera system at the jail has apparently reported to a another deputy--who in turn reported to an FBI Special Agent--that the recordings no longer exist, Katakis is entitled to a verified response from an individual with personal knowledge of that fact, and a response as to whether any recordings that did exist are capable of recovery.

At the hearing, the parties were instructed to meet and confer with Katakis' expert and any appropriate jail officials to determine whether the requests can be resolved informally. The United States indicated its willingness to assist in facilitating such communications. If the request by Katakis cannot be resolved informally, Katakis may seek a Rule 17(c) subpoena for the information.

DATED: February 27, 2013

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE