UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>   v.<br><br>ANDREW B. KATAKIS, DONALD M. PARKER, and W. THEODORE LONGLEY,<br><br>        Defendants. | CR. NO. 2:11-511 WBS<br><br>ORDER |

----oo0oo----

In his Amended Motion for New Trial pursuant to Federal Rule of Criminal Procedure 33, (Docket No. 373), defendant Andrew Katakis's argues, inter alia, that his trial counsel, Paul Pfingst, provided ineffective assistance of counsel because he failed to interview or call three witnesses who would have provided important exculpatory testimony.[1] The court determined

---

[1] Although Katakis's motion for a new trial alluded to other grounds that might also support his ineffective assistance of counsel claim, Katakis confirmed at the hearing on the scope of the waiver that his ineffective assistance of counsel claim is

1

that it would hold an evidentiary hearing on this issue.  (See Docket No. 392.)  While the parties agree that Katakis must waive the attorney-client privilege to pursue his ineffective assistance of counsel claim, they disagree as to the scope of that waiver.

The court hereby finds that by filing this motion Katakis has waived the attorney-client privilege over all communications between Katakis and Pfingst, including the law firm Higgs Fletcher & Mack LLP, concerning witnesses Theodore Hutz, Eric Tolman, and Will Trawick, and trial counsel's investigation, assessment, evaluation, and trial strategy decisions concerning these three witnesses.

The parties agree that the government attorneys and staff who work on Katakis's motion for a new trial are screened and cannot work on any other matter in which Katakis is the defendant, including any retrial or sentencing.  Any information disclosed to government attorneys pursuant to this waiver, including any production of documents, shall be used only by the government attorneys and staff handling the ineffective assistance of counsel claim presented in the pending motion for new trial and any appeal of that motion.

IT IS SO ORDERED.

Dated:  December 21, 2015

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

---

limited to Pfingst's alleged failure to investigate and call Theodore Hutz, Eric Tolman, and Will Trawick.

2