1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9                FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   UNITED STATES OF AMERICA,              No. 2:11-cr-511-WBS

12                Plaintiff,

13        v.                                ORDER

14   ANDREW B. KATAKIS, et al.,

15                Defendants.

16

17        This matter was before the court on February 10, 2016, and again February 18 and 22,

18   2016, to address the scope of the waiver of the attorney-client and work-product privileges as a

19   result of defendant Katakis's claim of ineffective assistance of counsel by his former trial counsel,

20   Paul Pfingst, and to review the proposed redaction of documents submitted by defense counsel for

21   in camera review.  Elizabeth McCloskey and Jennifer Huber, of the law firm Keker & Van Nest,

22   have both appeared as new counsel on behalf of defendant Katakis.  Leslie Wulff and Tai Milder,

23   Trial Attorneys for the U.S. Department of Justice, Antitrust Division, have appeared on behalf of

24   the government.

25        During portions of the hearings on February 10 and 18, 2016, the court excused counsel

26   for the government and reviewed in camera, with defendant's new counsel, their proposed

27   redactions of documents that were submitted to the court for review.  During other portions of the

28   hearings in which the government's counsel were also present, the court addressed the need to

revise the language identifying the scope of the waiver of the privilege in light of Katakis's expansion of the issues in his claim of ineffective assistance of counsel as to Mr. Pfingst. After extensive discussion with all counsel, the parties were able to reach agreement as to the following (*see* ECF No. 461-1) and the court now orders as follows as to the scope of the waiver:

The scope of defendant Katakis's waiver of the attorney-client privilege and work-product protection is delineated by the claims asserted in his motion for a new trial based on the alleged ineffective assistance of his trial counsel, Paul Pfingst. ECF No. 444. Accordingly, the court finds that by filing his new trial motion, Katakis has waived the attorney-client privilege and work-product protection ("privilege") concerning the following topics:

1. Witnesses Theodore Hutz, Eric Tolman, and Will Trawick.

2. Pfingst's failure to obtain discovery into financial dealings among the cooperating witnesses Wiley Chandler, Richard Northcutt, Steve Swanger, and Ken Swanger, including Pfingst's failure to secure the issuance of Rule 17(c) subpoenas to Chandler, Northcutt, and the Swangers seeking financial, banking and accounting records, and the failure to challenge an order denying the issuance of those Rules 17(c) subpoenas. ECF Nos. 134 & 337 (order and transcript of hearing).

3. Pfingst's failure to use or address at trial evidence he possessed of nearly $600,000 in payments from Chandler and Northcutt to Ken Swanger for a joint venture with "two brothers known as the Castleberrys." ECF No. 444 at 14.

The waiver of privilege includes trial counsel's investigation, assessment, evaluation, and trial strategy decisions concerning each of the above topics.

The subject matter waiver applies without time limitation to Pfingst. As to other individuals, Katakis contends that the waiver of privilege extends only to communications and work product leading up to and through the conclusion of Katakis's jury trial on March 11, 2014 (ECF No. 277), and does not include any communications or work product dated or created after March 11, 2014. However, as of the conference with counsel held on February 22, 2016, no such communications were specifically identified and presented for review. Accordingly, the court

/////

reserves ruling on a time limitation as to individuals other than Pfingst. The court will rule on whether such a time limitation should be imposed if and when it becomes ripe.

Following the in camera review with defense counsel of proposed redactions, the court ordered production forthwith of several undisputed documents identified at the hearing without redaction. Further, the court determined that certain other redactions fell within the scope of the waiver and ordered that those redactions be removed and produced. As to other redactions which the court determined were not within scope of the waiver and were properly redacted, the court ordered production of the documents with those redactions.

Although many of the redactions have now been removed, to enable the government a meaningful opportunity to challenge the assertion of privilege as to any specific redacted communication, the court directed defense counsel to prepare and serve a detailed privilege log for each remaining redaction. Counsel for the government may then identify any logged items that remain in dispute and seek a further order for production.

Finally, the court also addressed the concerns about whether adequate time remains prior to the March 1, 2016 evidentiary hearing to complete the document production and the government's review of the produced documents, together with a resolution of any remaining disputes that may occur following that review. Counsel were informed that any request to continue that hearing must be directed to Judge Shubb.

DATED: February 23, 2016.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

3