UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| UNITED STATES OF AMERICA, | No. 2:11-CR-0511 WBS |
|---|---|
| Plaintiff, | |
| v. | **ORDER** |
| ANDREW B. KATAKIS, | |
| Defendant. | |

----oo0oo----

Although Katakis has withdrawn all remaining claims based upon ineffective assistance of counsel in support of his motion for new trial, (Docket No. 492), it appears from defendant's latest reply memorandum, (Docket No. 492), that there are several of his remaining claims upon which the court would be aided by the presentation of evidence.

First, defendant asks the court to grant a new trial because the government allegedly engaged in prosecutorial misconduct in its closing argument. Specifically, defendant argues that newly discovered financial evidence establishes that

1

over $160,000 of the nearly $600,000 that Wiley Chandler and Richard Northcutt gave to Ken Swanger was used to purchase a house that was deeded to Ken Swanger's wife. This, defendant argues, shows that the government's argument that the $600,000 "wasn't money that went into Ken Swanger's pocket, it went to the Castleberrys as capital to buy properties" was false.

If the court is to give due consideration to this claim, it must see the admissible evidence which shows the money went to purchase the house for Swanger's wife, as well as the evidence establishing that government counsel knew of that evidence at the time of making its closing argument. If the court is going to consider granting a new trial, it is important for the court to understand how and in what way a new trial is going to be significantly different than the last one. In order to understand that, the court needs to see and hear the new testimony and see the new exhibits that would be presented at any new trial.

Second, defendant appears to still argue that the Magistrate Judge erred in his ruling on the discovery dispute, and that his ruling deprived defendant of his Sixth Amendment right to present a complete defense. In this regard, defendant represents that evidence recently obtained by his present counsel confirms that if the Magistrate Judge had authorized the requested subpoenas, defendant would have been able to establish that Chandler, Northcutt, and the Swangers were conspiring against him.

In this regard, defendant represents that just this month his new attorneys obtained a declaration from George

1 | Castleberry, which they have submitted to the court, discussing
2 | his financial dealings with Chandler and Northcutt.  Presumably,
3 | this would be offered to impeach the testimony of Chandler,
4 | Northcutt, and the Swangers.  The court is mindful that
5 | declarations prepared by a lawyer for one of the parties can be
6 | misleading and may not tell the whole story.  Again, in order for
7 | the court to effectively evaluate this claim, it is important for
8 | counsel to call the witnesses themselves, subject them to cross
9 | examination, and permit the court to evaluate how their testimony
10 | may or may not persuade the jury in any new trial.  That
11 | includes, *inter alia*, the testimony of the Castleberrys.

        For the foregoing reasons, notwithstanding defense counsel's urging that the court proceed on the remaining claims without further evidentiary hearing, if the court is to give appropriate consideration to those claims an evidentiary hearing is still required.  Counsel shall therefore be prepared to present evidence at the May 9, 2016 hearing in accordance with this Order.  If a continuance of the hearing is necessary in light of this Order, counsel shall so inform the court on or before May 1, 2016, and present the court with a suggested date or dates for the next evidentiary hearing.

        IT IS SO ORDERED.

Dated:  March 28, 2016

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

3